# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:12-CV-00003-RLV-DCK

| | |
|---|---|
| MARY AMANDA ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (the "Motion"). [Doc. No. 31]. For the reasons that follow, the Plaintiff's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Motion is granted to the extent that the Court awards the Plaintiff attorney's fees and costs under the EAJA; however, the Motion is denied to the extent it seeks an amount that is more than that specified herein.

## I.  BACKGROUND

On January 17, 2012, Plaintiff initiated this action seeking this Court's review of a final decision of the Commissioner of Social Security. [Doc. No. 1]. Originally, the Commissioner denied Plaintiff's application for disability insurance benefits under 42 U.S.C. § 405(g); however, on February 9, 2015, this Court remanded the case to the Social Security Administration under sentence four of 42 U.S.C. § 405(g). [Doc. No. 29]. Judgment was entered the same day. [Doc. No. 30].

On May 11, 2015, Plaintiff filed her Motion for EAJA fees and costs. [Doc. No. 31]. In her Motion, Plaintiff seeks $11,178.00 in fees (58.3 hours of attorney time billed at $187.00 per hour,

and 3.7 hours of paralegal time billed at $75.00 per hour). [Doc. No. 31-2] at p. 4. Plaintiff also seeks costs in the amount of $224.50. Id. at p. 5. Plaintiff's supporting brief contains no discussion or argument to justify her counsel's time (or that of her counsel's staff). Instead, Plaintiff apparently relies upon the affidavit of her counsel to substantiate the relief sought in her Motion. See [Doc. No. 31-1].

In the affidavit, counsel testifies that she has served as Plaintiff's counsel since August 2004, and that she has "exclusively represent[ed] clients in obtaining Social Security, federal and state benefits" in the private practice of law since 1997. Id. at p. 1 (¶¶ 1-2). Prior to 1997, counsel worked as a paralegal in multiple North Carolina law firms for more than twenty years. Id. at p.1 (¶ 2). No doubt, counsel is an accomplished attorney in the area of Social Security disability law. Counsel's representation of the Plaintiff was also assisted by a contract attorney with more than ten years of experience in the area of disability claims. Id. at p. 2 (¶¶ 3-4). Each worked on the Plaintiff's case at various points.

According to her testimony, counsel expended 14.8 hours reviewing the file; preparing the complaint; filing motions; preparing documents, correspondence and written arguments; and conducting case conferences. Id. at p. 2 (¶ 5). Counsel's contract attorney expended 43.5 hours on this litigation. Counsel testifies that the contract attorney prepared Plaintiff's motion for summary judgment and supporting memorandum; Plaintiff's objections to the Magistrate Judge's Memorandum and Recommendation ("M&R"); and conducted "research and case conferences." Id. Two of counsel's paralegals also expended 3.7 hours of time in this action. Id. Attached to Plaintiff's affidavit is a purported billing summary of the time spent on this matter; however, the billing summary contains an utter dearth of details concerning each person's time – indeed, it is no more helpful to the Court than counsel's barebones affidavit and brief. See, e.g., [Doc. No. 31-

1] at p. 4 (summarizing time spent on motion for summary judgment as follows: "Work on SJ brief;" "Revisions to brief;" and "Finalized brief").

Defendant has opposed Plaintiff's Motion as to the amount claimed – Defendant does not, however, claim that Plaintiff is not owed fees or costs under the EAJA. [Doc. No. 34]. According to Defendant, 58.3 hours of attorney time and 3.7 hours of paralegal time are excessive. In his brief, Defendant contrasts Plaintiff's claimed time with other claims reported and found acceptable in other Social Security matters. Defendant argues that a typical Social Security claim bills approximately twenty to forty hours of attorney time. [Doc. No. 34] at pp. 3, 5-6 (collecting cases). Defendant also argues that Plaintiff's claimed time is excessive because (1) the issues involved in her case were not unique or novel; (2) the administrative record was relatively light (784 pages); (3) Plaintiff's counsel and her staff are experienced Social Security advocates; and (4) Plaintiff's submissions are conclusory in nature and fail to justify the time claimed. [Doc. No. 34] at pp. 3-5.

Specifically, Defendant contends that 43.5 hours of work by counsel's contract attorney is unreasonable in light of her years of experience in disability-related matters. Id. at pp. 3-4. Defendant also complains that portions of counsel's 14.8 hours of attorney time are duplicative of her contract attorney's efforts, and should therefore be reduced. Id. at p. 4. Defendant contends that Plaintiff's claimed 3.7 hours of paralegal time is unreasonable because two hours of that time were spent drafting the EAJA petition. Finally, counsel's 14.8 hours of time is alleged to be unreasonable because counsel spent one hour revising the EAJA form drafted by her paralegals. Defendant insists that an EAJA petition should be a "familiar document" to the practice of experienced Social Security attorneys – so much so that the claims for paralegal time and additional attorney time, which derive from the production of this document, are unreasonable on

their face. [Doc. No. 34] at pp. 4-5. Defendant does not contest Plaintiff's request for her hours to be paid at a billing rate of $187.00 per hour. See [Doc. No. 31-2] at pp. 4-5.

**II.      DISCUSSION**

      A.     <u>Standard of Review</u>

The Equal Access to Justice Act allows fee reimbursement to a prevailing party only for "reasonable fees and expenses." 28 U.S.C. § 2412(b). "A request for attorney's fees should not result in a second major litigation. Ideally, . . . litigants will settle the amount of a fee." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). However, where settlement fails, the fee applicant bears the burden of demonstrating that the number of hours charged are reasonable. See 28 U.S.C. § 2412(d)(2)(A); <u>Hensley</u>, 461 U.S. at 437. Under the EAJA, "the district court must undertake the 'task of determining what fee is reasonable'" in light of the circumstances surrounding the particular case. <u>Hyatt v. Barnhart</u>, 315 F.3d 239, 253 (4th Cir. 2002) (quoting <u>INS v. Jean</u>, 496 U.S. 154, 161 (1990)). "Counsel should submit evidence supporting the hours worked and exercise ''billing judgment' with respect to hours worked. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." <u>Hyatt</u>, 315 F.3d at 253 (citations and quotations omitted).

A district court is accorded "substantial discretion in fixing the amount of an EAJA award" and may grant applications for awards only if the request is reasonable. See <u>Hyatt</u>, 315 F.3d at 254. In determining the amount of the fee, a court may consider: (1) the extent of a plaintiff's success; (2) the novelty and complexity of the issues presented; (3) the experience and skill of the attorney; and (4) the typical range of compensated hours in a particular field. See <u>Miles v. Colvin</u>, 2014 U.S. Dist. LEXIS 47835, at *3 (E.D.N.C. 2014).

B. Plaintiff is Entitled to Attorney's Fees Under the EAJA; However, Not The Amount Claimed.

The Court finds that, because the Defendant does not contest Plaintiff's entitlement to EAJA fees, or her request for fees at the billing rate identified in her brief, Plaintiff is entitled to an award of attorney's fees under the EAJA at a rate of $187.00 per hour, pursuant to the Court's authority to raise the statutory maximum billing rate in conjunction with the consumer price index. See [Doc. No. 31-2] at pp. 4-5; accord 28 U.S.C. § 2412(d)(2)(A); Sullivan v. Sullivan, 958 F.2d 574, 577 (4th Cir. 1992). However, any paralegal fees awarded will be billed at the lower rate of $75.00 per hour.

The amount of hours for which the Plaintiff can bill the government, however, is another matter. The Court is persuaded that Plaintiff's claimed fees are excessive for the practice of Social Security disability law and with respect to the issues and circumstances of this particular case. Plaintiff claims fees in excess of $11,000.00 purportedly based upon 58.3 hours of attorney time and 3.7 hours of paralegal time. This represents a total time of 62 hours spent on the prosecution of Plaintiff's disability claim. However, both the experience of the undersigned and case law show that the prosecution of a typical claim for Social Security benefits takes much less time. See, e.g., Gibson v. Colvin, 2015 U.S. Dist. LEXIS 20676, at *3 (E.D.N.C. 2015) (46.3 hours compensable where administrative record exceeded 1,000 pages); Brandon v. Colvin, 2015 U.S. Dist. LEXIS 20675, at * 4 (E.D.N.C. 2015) (23.5 hours compensable); Harlan v. Colvin, 2014 U.S. Dist. LEXIS 56492, at *6 (W.D.N.C. 2014) (thirty-two hours compensable); Gibby v. Astrue, 2012 U.S. Dist. LEXIS 108177, at *14 (W.D.N.C. 2012) (recognizing twenty to forty hour convention); Dixon v. Astrue, 2008 U.S. Dist. LEXIS 9903, at *12 (E.D.N.C. 2008) (25.23 hours of attorney time compensable); accord Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (survey

of social security disability cases shows an average range of twenty to forty hours). Clearly, Plaintiff's claim is out of step with the norm, unless justified by other competing interests.

The Court's review of counsel's timesheet (attached to her affidavit) does not sway the pendulum back in Plaintiff's direction. Importantly, the Court's review is hindered by counsel's failure to include detailed descriptors of the work performed and time recorded by her and her staff. A lack of detail in billing records makes it difficult, though not impossible, for the Court to assess the reasonableness of a fee petition. See, e.g., Herring v. Thomasville Furniture Indus., 1999 U.S. Dist. LEXIS 16421, at *24-27 (M.D.N.C. 1999). Counsel's timesheet, like her affidavit, is barebones. Each entry contains a descriptor of only a few words, yet some are accompanied with large blocks of billed time. See, e.g., [Doc. No. 31-1] at p. 5 (stating that counsel's contract attorney "worked on objections" and billed a block amount of five hours). Further, the lack of descriptors makes it difficult for the Court to judge *what* work was done. For example, counsel's timesheet bills for multiple office visits and meetings but contains no further descriptions, thus these bills fail to indicate to the Court what occurred during those meetings or how they related to the case.

The timesheet's vagueness also impedes the Court's ability to determine which time bills are appropriate under the EAJA. Multiple calls to the client are billed as attorney time without specifying the nature of the call or why it was necessary. If these calls were merely ministerial (i.e., providing the client with a brief update), then the call would be inappropriate to bill as attorney time. See, e.g., Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999) ("[T]he court should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistants."). Similarly, several entries bill for an attorney checking ECF and for the filing of documents by paralegals. On their face, these entries are purely clerical and should be

excluded from consideration. See, e.g., Gibby, 2012 U.S. Dist. LEXIS 108177, at *6-7; Holmes v. Astrue, 2010 U.S. Dist. LEXIS 82266 (D.S.C. 2010); accord Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). The timesheet also double bills attorney time in multiple places (such as office meetings), which is inappropriate. Hensley, 461 U.S. at 434 ("Cases may be overstaffed[.]" Counsel should "exclude from a fee request hours that are excessive [and] redundant[.]").

Moreover, despite having represented the Plaintiff since 2004, Plaintiff's counsel claims compensable time of roughly thirty hours related to drafting the motion for summary judgment and supporting brief, research, and multiple reviews of the record. Presumably, counsel would have been familiar with the case prior to filing a motion for summary judgment; yet, counsel's affidavit gives no explanation as to why she and her staff required nearly four hours to review the administrative record and roughly twenty-six more hours to complete the motion. Additionally, the Court is unable to infer from the record an explanation for counsel's time expenditures because the issues involved in this litigation were not exceptionally complex or novel.

Likewise, counsel claims roughly 19.8 hours related to preparing and drafting Plaintiff's objections to the Magistrate Judge's M&R. However, not only should counsel have already had a good deal of familiarity with the record and issues based upon her years of representing Plaintiff, but counsel should have been intimately familiar with this case because she and her staff had already drafted and filed Plaintiff's prior motion for summary judgment. Of similar concern to the Court is counsel's claim that the twenty-five page motion for summary judgment (which contained significant amounts of dead space) required roughly thirty hours of work, and her claim that the eleven page objection to the M&R required roughly twenty hours of work. The Court is not

persuaded that these amounts of time are reasonable in light of the work produced. The Court finds that these issues weigh against the reasonableness of the Plaintiff's Petition.[1]

Weighing in favor of Plaintiff's Petition is the fact that her counsel obtained a favorable outcome before this Court. Though the outcome obtained was simply a remand and not an outright judgment in Plaintiff's favor, for purposes of her petition, a "win is a win." Additionally, Plaintiff prevailed on each of the arguments posed to the Court and reached by it in its February 6, 2015 Order. See [Doc. No. 29]. Plaintiff's counsel and her co-counsel are also experienced in the area of Social Security disability law, each bringing over a decade of experience to this litigation. Though neither dispositive nor enough to justify Plaintiff's entire claim, these factors do guide the Court to exercise some favorable discretion toward Plaintiff.

Applying the factors discussed above, the Court concludes that the total amount of fees requested by the Plaintiff includes non-compensable, incorrectly billed, and excessive charges. Consequently, the Court will reduce the award claimed by Plaintiff under the EAJA. The Court will not, however, micromanage counsel's time by engaging in a line-by-line review to determine whether the fee request is reasonable. Yates v. Colvin, 2015 U.S. Dist. LEXIS 33460, at *5 (E.D.N.C. 2015); Quade ex rel. Quade v. Barnhart, 570 F. Supp.2d 1164, 1167-1168 (D. Ariz. 2008). Rather than reduce or eliminate each and every potentially infringing time entry, the Court will exercise its broad discretion and reduce the EAJA award claimed by the Plaintiff by thirty-three percent (33%). Therefore, the Court finds that the $11,178.00 in attorney's fees claimed by the Plaintiff should be reduced to $7,489.26. This recovery falls well within the bounds of other

---

[1] The Court stresses that it does not question the Plaintiff's claim, or her counsel's testimony, that this work was *actually* performed. Rather, the Court merely finds that the Defendant should not, in the exercise of reasonable billing judgment, be held responsible for much of this expenditure of time in this "run-of-the-mill" social security claim. See Bunn v. Bowen, 637 F. Supp. 464, 470 (E.D.N.C. 1986).

similarly-situated cases, comports with the issues involved in this case, and accurately reflects the credentials and efforts of counsel.

    C.  Plaintiff's Entitlement to Costs

Plaintiff claims $224.50 in costs arising from this action. Defendant does not dispute Plaintiff's claim or the amount. Defendant's only objection, contained in a footnote, is that Plaintiff's costs should not be bore by the Social Security Administration. [Doc. No. 34] at pp. 1-2 n. 1. Defendant argues that such costs should instead be paid to Plaintiff by the Department of the Treasury out of the so-called "Judgement Fund" established by 31 U.S.C. § 1304. Although Defendant does not explain the interplay of this statute with the EAJA, Section 1304 does appropriate certain funds to be made payable for judgments entered under 28 U.S.C. § 2414. See 31 U.S.C. § 1304(a)(3)(A). Section 2414 in turn directs that "payment of final judgments rendered by a district court . . . against the United States shall be made on settlements by the Secretary of the Treasury," which would seem to encompass the instant action by Plaintiff against the Commissioner. See 28 U.S.C. § 2414; accord Baker v. Colvin, 2015 U.S. Dist. LEXIS 33936, at *17 n.2 (M.D.N.C. 2015); Covington v. Colvin, 2014 U.S. Dist. LEXIS 174586, at *3 n.1 (W.D. Tenn. 2014). Therefore, the Court awards costs to the Plaintiff in the amount of $224.50 and orders the Commissioner to obtain appropriate certification of the award and present it to the Secretary of the Treasury for payment pursuant to 31 U.S.C. § 1304.

**III. DECRETAL**

**IT IS, THEREFORE, ORDERED THAT**

(1) The Plaintiff's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**;

(2) Plaintiff's Motion is **GRANTED** to the extent she seeks her reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d);

(3) The Plaintiff's Motion is **DENIED** to the extent her claimed attorney's fees are unreasonable – to cure the unreasonableness of Plaintiff's claim, the Court reduces the claim by thirty-three percent (33%);

(4) The Commissioner shall pay to Plaintiff her reasonable attorney's fees in the amount of $7,489.26; and

(5) The Plaintiff is awarded her costs in the amount of $224.50, and such costs shall be paid by the Department of Treasury pursuant to 31 U.S.C. § 1304, upon appropriate presentment thereto.

**SO ORDERED**.

Signed: December 17, 2015

Richard L. Voorhees
United States District Judge